**Fill in this information to identify your case:**

United States Bankruptcy Court for the:

**DISTRICT OF DELAWARE**

Case number *(if known)* _____    Chapter    **7**

☐ Check if this an amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy  06/22

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | |
|---|---|---|
| 1. | Debtor's name | **Akorn Operating Company LLC** |
| 2. | All other names debtor used in the last 8 years<br>Include any assumed names, trade names and *doing business as* names | **10 Edison Street LLC, 13 Edison Street LLC, Advanced Vision Pharmaceuticals, LLC, Advanced Vision Research, Inc., Akorn (New Jersey), Inc., Akorn Animal Health, Inc., Akorn Consumer Health, Akorn Enterprises, Inc., Akorn Ophthalmics, Inc., Akorn Pharmaceuticals, Akorn Sales, Inc., Akorn, Inc., AVR Business Trust, Clover Pharmaceuticals Corp., Covenant Pharma, Inc., Hi-Tech Pharmacal Co., Inc., Inspire Pharmaceuticals, Inc., Oak Pharmaceuticals, Inc., Olta Pharmaceuticals Corp., Taylor Pharmaceuticals, TheraTears, VersaPharm Incorporated, VPI Holdings Corp., and VPI Holdings Sub, LLC** |
| 3. | Debtor's federal Employer Identification Number (EIN) | **85-2826184** |
| 4. | Debtor's address | **Principal place of business**<br>**5605 CenterPoint Court**<br>**Gurnee, IL 60031**<br>Number, Street, City, State & ZIP Code<br><br>**Lake**<br>County | **Mailing address, if different from principal place of business**<br><br>P.O. Box, Number, Street, City, State & ZIP Code<br><br>**Location of principal assets, if different from principal place of business**<br><br>Number, Street, City, State & ZIP Code |
| 5. | Debtor's website (URL) | **www.akorn.com** |
| 6. | Type of debtor | ☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))<br>☐ Partnership (excluding LLP)<br>☐ Other. Specify: _____ |

Debtor  **Akorn Operating Company LLC**    Case number (*if known*) _____
       Name

| 7. | Describe debtor's business | A. *Check one:* |
|---|---|---|
|   |   | ☐ Health Care Business (as defined in 11 U.S.C. § 101(27A)) |
|   |   | ☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B)) |
|   |   | ☐ Railroad (as defined in 11 U.S.C. § 101(44)) |
|   |   | ☐ Stockbroker (as defined in 11 U.S.C. § 101(53A)) |
|   |   | ☐ Commodity Broker (as defined in 11 U.S.C. § 101(6)) |
|   |   | ☐ Clearing Bank (as defined in 11 U.S.C. § 781(3)) |
|   |   | ☒ None of the above |

B. *Check all that apply*

☐ Tax-exempt entity (as described in 26 U.S.C. §501)
☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)
☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See
http://www.uscourts.gov/four-digit-national-association-naics-codes.

**3254**

| 8. | Under which chapter of the Bankruptcy Code is the debtor filing? | *Check one:* |
|---|---|---|
|   | A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box. | ☒ Chapter 7 |
|   |   | ☐ Chapter 9 |
|   |   | ☐ Chapter 11. *Check **all** that apply*: |
|   |   | ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B). |
|   |   | ☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B). |
|   |   | ☐ A plan is being filed with this petition. |
|   |   | ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b). |
|   |   | ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form. |
|   |   | ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2. |
|   |   | ☐ Chapter 12 |

| 9. | Were prior bankruptcy cases filed by or against the debtor within the last 8 years? If more than 2 cases, attach a separate list. | ☐ No. ☒ Yes. |   |   |   |
|---|---|---|---|---|---|
|   |   | District | **See Schedule 1** | When _____ | Case number _____ |
|   |   | District | _____ | When _____ | Case number _____ |

| 10. | Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor? | ☐ No ☒ Yes. |   |   |   |
|---|---|---|---|---|---|
|   | List all cases. If more than 1, attach a separate list | Debtor | **See Schedule 1** |   | Relationship _____ |
|   |   | District | _____ | When _____ | Case number, if known _____ |

Debtor **Akorn Operating Company LLC**     Case number (*if known*) _____
    Name

| 11. | Why is the case filed in *this district*? | *Check all that apply:* |
|---|---|---|
| | | ☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district. |
| | | ☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district. |

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☐ No
☒ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☒ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
    What is the hazard?    **See Schedule 2**

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other

**Where is the property?** _____
    Number, Street, City, State & ZIP Code

**Is the property insured?**

☐ No
☒ Yes.    Insurance agency    **See Schedule 2**
    Contact name _____
    Phone _____

### Statistical and administrative information

**13. Debtor's estimation of available funds**

*Check one:*
☐ Funds will be available for distribution to unsecured creditors.
☒ After any administrative expenses are paid, no funds will be available to unsecured creditors.

**14. Estimated number of creditors**

| | | |
|---|---|---|
| ☐ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5001-10,000 | ☒ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than 100,000 |
| ☐ 200-999 | | |

**15. Estimated Assets**

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☒ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50 million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

**16. Estimated liabilities**

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50 million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☒ $100,000,001 - $500 million | ☐ More than $50 billion |

| Debtor | **Akorn Operating Company LLC** | Case number (*if known*) | |
|---|---|---|---|
| | Name | | |

### Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    **02/23/2023**
MM / DD / YYYY

X    **/s/ Colin Adams**                                  **Colin Adams**
Signature of authorized representative of debtor              Printed name

Title    **Chief Restructuring Officer**

**18. Signature of attorney**

X    **/s/ Matthew B. Lunn**                              Date **02/23/2023**
Signature of attorney for debtor                               MM / DD / YYYY

**Matthew B. Lunn**
Printed name

**Young Conaway Stargatt & Taylor, LLP**
Firm name

**1000 North King Street**
**Wilmington, DE 19801**
Number, Street, City, State & ZIP Code

Contact phone    **302-571-6600**        Email address    **mlunn@ycst.com**

**4119 DE**
Bar number and State

**Schedule 1 to Voluntary Petitions**

A.   **Affiliate Filings**

On the date hereof, each of the affiliates listed below, including the debtor in this chapter 7 case, filed a petition in the United States Bankruptcy Court for the District of Delaware (the "Court") for relief under chapter 7 of title 11 of the United States Code:

- Akorn Holding Company LLC
- Akorn Intermediate Company LLC
- Akorn Operating Company LLC

B.   **Pending and Prior Cases**

On May 20, 2020, each of the related entities (the "2020 Debtors") listed below filed a petition in the Court for relief under chapter 11 of title 11 of the United States Code.

- Akorn, Inc. (Case No. 20-11177 (KBO)) (the "Akorn, Inc. 2020 Case")
- 10 Edison Street LLC (Case No. 20-11178 (KBO))
- 13 Edison Street LLC (Case No. 20-11180 (KBO))
- Advanced Vision Research, Inc. (Case No. 20-11182 (KBO))
- Akorn (New Jersey), Inc. (Case No. 20-11183 (KBO))
- Akorn Animal Health, Inc. (Case No. 20-11185 (KBO))
- Akorn Ophthalmics, Inc. (Case No. 20-11186 (KBO))
- Akorn Sales, Inc. (Case No. 20-11174 (KBO))
- Clover Pharmaceuticals Corp. (Case No. 20-11187 (KBO))
- Covenant Pharma, Inc. (Case No. 20-11188 (KBO))
- Hi-Tech Pharmacal Co., Inc. (Case No. 20-11189 (KBO))
- Inspire Pharmaceuticals, Inc. (Case No. 20-11190 (KBO))
- Olta Pharmaceuticals Corp. (Case No. 20-11191 (KBO))
- Oak Pharmaceuticals, Inc. (Case No. 20-11192 (KBO))
- VPI Holdings Corp. (Case No. 20-11193 (KBO))

- VersaPharm Incorporated (Case No. 20-11194 (KBO))

- VPI Holdings Sub, LLC (Case No. 20-11195 (KBO))

As of the date hereof, the Akorn, Inc. 2020 Case remains pending before the Court. On February 18, 2021, the Court closed the cases of the remaining 2020 Debtors, which were previously being jointly administered under the Akorn, Inc. 2020 Case.

**Schedule 2 to Voluntary Petitions**

**Property Requiring Immediate Attention**

In light of the chapter 7 filing, the debtor and each of its affiliates (collectively, the "Debtors") have ceased ongoing operations. The subsequent custodianship, management, and preservation of the Debtors' pharmaceutical products located at each of the Debtors' facilities is of high priority. Prior to filing the chapter 7 case, the Debtors took various steps to ensure that any assets they believe may pose a threat of immediate and identifiable harm to public health or safety were identified and properly protected. Specifically, the Debtors retained (i) security company GardaWorld Security Services to secure and maintain such facilities during the chapter 7 cases; and (ii) several key former employees as independent contractors to perform health, safety, and maintenance checks in and around the facilities, among other steps. All applicable insurance policies will be provided to the chapter 7 trustee once appointed.

The Debtors believe that their facilities located in the following cities may hold assets that pose, or are alleged to pose, a threat of immediate and identifiable harm to public health or safety:

- Amityville, NY
- Cranbury, NJ
- Decatur, IL
- Gurnee, IL
- Hettlingen, Switzerland[1]
- Somerset, NJ
- Vernon Hills, IL

---

[1] The Debtors' Hettlingen facility is owned by a non-debtor entity.

## SECRETARIAL CERTIFICATE

The undersigned, Corporate Secretary of Akorn Holding Company LLC, a Delaware limited liability company (the "Company"), hereby certifies as follows:

1. I am the duly qualified and elected Corporate Secretary of the Company and, as such, am familiar with the facts herein certified, and I am duly authorized to certify same on behalf of the Company.

2. Attached hereto as Exhibit A is a true and complete copy of the Resolutions of the Board of Directors (the "Board") of the Company, duly adopted at a properly convened meeting of the Board on February 21, 2023, by vote of the members of the Board.

3. Such resolutions have not been amended, altered, annulled, rescinded, or revoked, and are in full force and effect as of the date hereof. There exist no other subsequent resolutions of the Board relating to the matters set forth in the resolutions attached hereto.

IN WITNESS WHEREOF, the undersigned has executed this certificate as of the 23rd day of February, 2023.

By: *Beth Zelnick Kaufman*
Name: Beth Zelnick Kaufman
Title: Corporate Secretary

DocuSign Envelope ID: C3839A46-1867-482A-9EBF-5856ECC50AAE

## Exhibit A

Resolutions

*See attached.*

**OMNIBUS RESOLUTIONS TO BE ADOPTED AT MEETING
BOARD OF DIRECTORS OF AKORN HOLDING COMPANY LLC
AND THE SOLE MEMBERS OF AKORN INTERMEDIATE COMPANY LLC
AND AKORN OPERATING COMPANY LLC**

February 21, 2023

The board of directors (the "Board") of Akorn Holding Company LLC, a Delaware limited liability company ("Holdings"), acting (i) on behalf of Holdings, (ii) on behalf of Akorn Intermediate Company LLC, a Delaware limited liability company ("Intermediate"), in Holdings' capacity as the sole member of Intermediate, and (iii) on behalf of Intermediate acting on behalf of Akorn Operating Company LLC, a Delaware limited liability company ("OpCo" and together with Holdings and Intermediate each a "Company" and collectively, the "Companies"), in Intermediate's capacity as the sole member of OpCo, adopted the following resolutions at a duly convened meeting thereof and pursuant to the applicable provisions of the Delaware Limited Liability Company Act, as may be amended from time to time (the "Act"), and the Amended and Restated Limited Liability Company Agreement of Holdings, dated as of October 1, 2020 (the "Holdings LLCA"), the Limited Liability Agreement of Intermediate, dated as of September 2, 2020 (the "Intermediate LLCA"), and the Limited Liability Company Agreement of OpCo, dated as of September 2, 2020 (the "OpCo LLCA" and together with the Holdings LLCA and Intermediate LLCA, the "LLCAs"):

**WHEREAS**, Holdings is the direct or indirect owner of the subsidiaries listed on Exhibit A attached hereto;

**WHEREAS**, Holdings is the sole member of Intermediate, and Intermediate is the sole member of OpCo;

**WHEREAS**, the Board, acting on behalf of Holdings and on behalf of the sole member of each of Intermediate and OpCo (the "Sole Members"), has reviewed and considered the financial and operational condition of the Companies and the Companies' business on the date hereof, including the assets of the Companies, the current and long-term liabilities of the Companies, and the recommendations of the Companies' legal, financial, and restructuring advisors as to the relative risks and benefits of pursuing a restructuring of Holdings or some or all of its subsidiaries (the "Restructuring") under the under the provisions of chapter 7 of title 11 of the United States Code (the "Bankruptcy Code");

**WHEREAS**, subject to the resolutions hereinafter set forth, the Board, acting on behalf of Holdings and the Sole Members, has determined that the Companies do not have sufficient capital to continue their operations and the Board has therefore determined that it is in the best interests of the Companies and the Companies' stakeholders, creditors, and other interested parties to terminate all employees of the Companies and commence a case under the provisions of chapter 7 of the Bankruptcy Code; and

**WHEREAS**, in an effort to facilitate an orderly shut-down of the business of the Companies in compliance with applicable law, to facilitate the anticipated work of the trustee to be appointed in connection with the Restructuring, and to maximize the value to be recovered upon

the sale or other liquidation of the assets, properties and rights of the Companies, the Board has determined it is in the best interests of the Companies and the Companies' stakeholders, creditors, and other interested parties to cause Holdings or a subsidiary thereof to enter into a consulting agreement with each employee of Holdings or the subsidiaries thereof described to the Board (each, a "Consultant") on the terms and conditions set forth in the form of consulting agreement previously made available to the Board (each, a "Consulting Agreement"), with each such Consulting Agreement contemplating the funding, as a retainer, prior to the filing of the Petitions (as defined below) all amounts to be paid thereunder (which amounts have been reviewed and considered by the Board).

**Commencement and Prosecution of Bankruptcy Case**

  **NOW, THEREFORE, BE IT**

  **RESOLVED**, that, in the judgment of the Board, acting on behalf of Holdings and the Sole Members, it is desirable and in the best interests of the Companies, the creditors of the Companies, and other interested parties of the Companies that a voluntary petition (a "Petition") be filed by each Company with the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") under the provisions of chapter 7 of the Bankruptcy Code; however, given the desire for the orderly filing of the Petitions and the taking of certain other actions in preparation for the Petitions, the Board hereby authorizes the Chief Executive Officer, the Chief Legal & Administrative Officer, and the Chief Financial Officer of OpCo (collectively, the "Management"), only after prior consultation with (and the approval of) the Chairman of the Board of Holdings and only after prior consultation with legal counsel and the financial advisor to the Companies, to determine the date and time of filing of the Petitions with the Bankruptcy Court during the week commencing Sunday, February 19, 2023; and it is further

  **RESOLVED**, that the officers of each Company (each, an "Authorized Person" and collectively, the "Authorized Persons") be, and each of them, acting alone or in any combination, hereby is, authorized, directed, and empowered, on behalf of and in the name of such Company (i) to execute and verify a Petition and all documents ancillary thereto, and to cause such Petition to be filed with the Bankruptcy Court commencing a case (each a "Bankruptcy Case" and collectively, the "Bankruptcy Cases"), and to make or cause to be made prior to the execution thereof any modifications to such Petition or ancillary documents, and (ii) to execute, verify, and file or cause to be filed all other petitions, schedules, lists, motions, applications, declarations, affidavits, and other papers or documents necessary, appropriate, or desirable in connection with the foregoing; and it is further

**Retention of Professionals**

  **RESOLVED**, that the Companies be, and hereby are, authorized, empowered, and directed to retain the law firm Young Conaway Stargatt & Taylor, LLP to represent the Companies as their general bankruptcy counsel on the terms set forth in such firm's engagement letter with Holdings on behalf of the Companies, which engagement letter is hereby ratified and approved, and to represent and assist each of the Companies in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance each Company's rights and obligations, including,

without limitation, the preparation of certain documents to be filed simultaneously with the Petition or during the Bankruptcy Cases; and it is further

**RESOLVED**, that each Authorized Person be, and each hereby is, with power of delegation, authorized, empowered, and directed to execute and file all petitions, schedules, motions, lists, applications, pleadings, and other papers and to take and perform any and all further acts and deeds that each of the Authorized Persons deems necessary, proper, or desirable in connection with the Companies' Bankruptcy Cases, with a view to the successful prosecution of such cases; and it is further

**RESOLVED**, that each of the aforementioned retained advisors of the Companies and Authorized Persons is hereby authorized to take any and all actions necessary or desirable to advise the Companies' rights and obligations and facilitate the commencement of any cases commenced by the Companies under the Bankruptcy Code, and it is further

**Reduction in Force**

**RESOLVED**, that, without limitation of any general authorizing resolution set forth herein, Management is authorized and directed to notify any and all employees of the Companies that their employment with the Companies will be terminated in connection with the filing of the Petitions, including the provision of any and all notices that are required by law or otherwise deemed advisable, including under "WARN" or similar laws, rules, or regulations; and it is further

**Notification of Regulators**

**RESOLVED**, that, without limitation of any general authorizing resolution set forth herein, Management is authorized and directed to notify any and all relevant local, state, federal, and international regulatory or other government authorities of the Restructuring and all other matters associated with the shut-down of the business and operations of the Company and to take such other action in connection therewith as they deem advisable or necessary, which shall include, without limitation, the securing of all facilities of the Companies (including all controlled substances located threat) in a manner that is compliant with all applicable law; and it is further

**Consulting Agreements**

**RESOLVED**, that each Consulting Agreement to be entered into with each Consultant be, and hereby is, approved and adopted in all respects, and the Authorized Persons be, and hereby are, authorized and directed to cause Holdings or the applicable subsidiary thereof to enter into such Consulting Agreements and to cause Holdings or the applicable subsidiary thereof to perform all obligations thereunder, including making the payments contemplated thereby; and it is further

**General**

**RESOLVED**, that the Authorized Persons be, and each of them, acting alone or in any combination, hereby is, authorized, directed, and empowered, on behalf of and in the name of each Company, to perform the obligations of such Company under the Bankruptcy Code, with all such actions to be performed in such manner, and all such certificates, instruments, guaranties, notices, and documents to be executed and delivered in such form, as the Authorized Persons performing

or executing the same shall approve, and the performance or execution thereof by such Authorized Persons shall be conclusive evidence of the approval thereof by such Authorized Persons and by such Company; and it is further

**RESOLVED**, that the Authorized Persons be, and each of them, acting alone or in any combination is, hereby authorized, directed, and empowered, in the name of and on behalf of each Company, to cause such Company to enter into, execute, deliver, certify, file, record, and perform under such agreements, including instruments, motions, affidavits, applications for approvals or rulings of governmental or regulatory authorities, certificates or other documents, to pay all expenses, including filing fees, and to take such other actions as in the judgment of such Authorized Persons, shall be necessary, proper, and desirable to prosecute a successful completion of such Company's Bankruptcy Case and to effectuate the restructuring or liquidation of such Company's debts, other obligations, organizational form and structure, and ownership of such Company, all consistent with the foregoing resolutions and to carry out and put into effect the purposes of which the foregoing resolutions, and the transactions contemplated by these resolutions, their authority thereunto to be evidenced by the taking of such actions; and it is further

**RESOLVED**, that the Authorized Persons be, and each of them, acting alone or in any combination, hereby is, authorized, directed, and empowered, on behalf of and in the name of each Company, to take such actions and execute and deliver such documents as may be required or as the Authorized Persons may determine to be necessary, appropriate, or desirable to carry out the intent and purpose of the foregoing resolutions or to obtain the relief sought thereby, including without limitation the execution and delivery of any consents, resolutions, petitions, schedules, lists, declarations, affidavits, and other papers or documents, with all such actions to be taken in such manner, and all such petitions, schedules, lists, declarations, affidavits, and other papers or documents to be executed and delivered in such form as the Authorized Persons shall approve, the taking or execution thereof by any Authorized Persons being conclusive evidence of the approval thereof by the Authorized Persons; and it is further

**RESOLVED**, that all of the acts and transactions relating to matters contemplated by the foregoing resolutions, which acts and transactions would have been authorized and approved by the foregoing resolutions except that such acts and transactions were taken prior to the adoption of these resolutions, be, and they hereby are, in all respects confirmed, approved, and ratified; and it is further

**RESOLVED**, that facsimile, photostatic copies of, or other electronic generated signatures to this consent shall be deemed to be originals and may be relied on to the same extent as the originals; and it is further

**RESOLVED**, this written consent may be executed in multiple counterparts, all of which, taken together, shall constitute one and the same document, and shall be effective as of the date first written above when signed by the Board and Sole Members.

## **Exhibit A**

Subsidiaries

1. Akorn Canada, Inc., a wholly owned direct subsidiary of Akorn Operating Company, LLC
2. Akorn International S.á.r.l., a wholly owned direct subsidiary of Akorn Operating Company, LLC
3. Akorn AG, a wholly owned direct subsidiary of Akorn International S.á.r.l. and indirect subsidiary of Akorn Operating Company, LLC

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>AKORN HOLDING COMPANY LLC,[1]<br><br>Debtor. | Chapter 7<br><br>Case No. 23-_____ (___) |
| In re:<br><br>AKORN INTERMEDIATE COMPANY LLC,<br><br>Debtor. | Chapter 7<br><br>Case No. 23-_____ (___) |
| In re:<br><br>AKORN OPERATING COMPANY LLC<br><br>Debtor. | Chapter 7<br><br>Case No. 23-_____ (___) |

**CONSOLIDATED CORPORATE OWNERSHIP STATEMENT PURSUANT TO
FED R. BANKR. P. 1007(a)(1) AND 7007.1**

Pursuant to Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the above-captioned debtors and debtors in possession, to the best of their knowledge, information, and belief, hereby state as follows:

1. Akorn Holding Company LLC owns 100% of the equity interests of Debtor Akorn Intermediate Company LLC.

2. Akorn Intermediate Company LLC owns 100% of the equity interests of Debtor Akorn Operating Company LLC.

---

[1] The Debtors in these chapter 7 cases, along with the last four digits of their federal tax identification numbers, are Akorn Holding Company LLC (9190), Akorn Intermediate Company LLC (6123), and Akorn Operating Company LLC (6184). The Debtors' headquarters is located at 5605 CenterPoint Court, Gurnee, IL 60031.

| Fill in this information to identify the case: | |
|---|---|
| Debtor name | **Akorn Operating Company LLC** |
| United States Bankruptcy Court for the: | DISTRICT OF DELAWARE |
| Case number (if known) | |

☐ Check if this is an amended filing

Official Form 202
# Declaration Under Penalty of Perjury for Non-Individual Debtors  12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
☐ *Schedule H: Codebtors* (Official Form 206H)
☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
☐ Amended *Schedule*
☐ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
☒ Other document that requires a declaration    **Consolidated Corporate Ownership Statement**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on **2/23/2023**    X /s/ **Colin Adams**
Signature of individual signing on behalf of debtor

**Colin Adams**
Printed name

**Chief Restructuring Officer**
Position or relationship to debtor

Official Form 202    Declaration Under Penalty of Perjury for Non-Individual Debtors
Software Copyright (c) 1996-2020 Best Case, LLC - www.bestcase.com    Best Case Bankruptcy

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>AKORN HOLDING COMPANY LLC,[1]<br><br>Debtor. | Chapter 7<br><br>Case No. 23-_____ (___) |
| In re:<br><br>AKORN INTERMEDIATE COMPANY LLC,<br><br>Debtor. | Chapter 7<br><br>Case No. 23-_____ (___) |
| In re:<br><br>AKORN OPERATING COMPANY LLC,<br><br>Debtor. | Chapter 7<br><br>Case No. 23-_____ (___) |

## **DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTORS**

1.      Pursuant to 11 U.S.C. § 329(a) and Fed. Bankr. P. 2016(b), I certify that my firm, Young Conaway Stargatt & Taylor, LLP ("YCST"), is counsel for the above-captioned debtors (collectively, the "Debtors") and that compensation paid to YCST within one year before the filing of the petition in bankruptcy, or agreed to be paid to YCST, for services rendered or to be rendered on behalf of the Debtors in contemplation of or in connection with the bankruptcy cases is as follows:

For legal services, YCST has agreed to accept . . . . . . . . . . . . . . . . . . . . . . . . $437,484.40

Prior to the filing of this statement YCST has received . . . . . . . . . . . . . . . . . $437,484.40

Balance Due . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $0

---

[1] The Debtors in these chapter 7 cases, along with the last four digits of their federal tax identification numbers, are Akorn Holding Company LLC (9190), Akorn Intermediate Company LLC (6123), and Akorn Operating Company LLC (6184). The Debtors' headquarters is located at 5605 CenterPoint Court, Gurnee, IL 60031.

2

2. The source of the compensation paid to YCST was Debtor Akorn Operating Company LLC.

3. YCST has not agreed to share the above-disclosed compensation with any other person, unless they are a partner, counsel, or associate of YCST.

4. In return for the above-disclosed fee, YCST has agreed to pay the filing fees required to commence these bankruptcy cases and has further agreed to render legal services relating to these bankruptcy cases, including:

    a. Analyzing the Debtors' financial situation, and rendering advice to the Debtors in determining whether to file bankruptcy petitions;

    b. Preparing and filing voluntary petitions in bankruptcy and certain other documents that may be required; and

    c. Representing the Debtors at the meeting of creditors, and any adjourned hearings thereof.

5. By agreement with the Debtors, the above-disclosed fee does not include the representation of the Debtors in adversary proceedings and other contested bankruptcy matters, nor does it include any future non-bankruptcy representation.

## CERTIFICATION

      I hereby certify that the foregoing is a complete statement of any agreement or arrangement for payment to YCST for representation of the Debtors in these bankruptcy proceedings.

Dated: Wilmington, Delaware  
       February 23, 2023

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ Matthew B. Lunn*  
Edmon L. Morton (Del. No. 3856)  
Matthew B. Lunn (Del. No. 4119)  
Joseph M. Mulvihill (Del. No. 6061)  
Jared W. Kochenash (Del. No. 6557)  
Rodney Square  
1000 North King Street  
Wilmington, Delaware 19801  
Telephone: (302) 571-6600  
Facsimile: (302) 571-1253  
emorton@ycst.com  
mlunn@ycst.com  
jmulvihill@ycst.com  
jkochenash@ycst.com  

*Counsel for the Debtors*