IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LISHA ABRAHAM on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>AKORN OPERATING COMPANY LLC,<br><br>Defendant. | **Bankruptcy Case No. 23-10255**<br>**Chapter 7**<br>**Adversary Proceeding No.:**<br><br><br>**CLASS ACTION ADVERSARY**<br>**PROCEEDING COMPLAINT** |

### CLASS ACTION ADVERSARY PROCEEDING COMPLAINT

Plaintiff Lisha Abraham ("Plaintiff") by and through undersigned counsel, on behalf of herself and all other similarly situated persons, as and for their complaint against Defendant, allege as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157, 1331, 1334 and 1367.

2. This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (B) and (O).

### NATURE OF THE ACTION

3. This is a class action for the recovery by Plaintiff and other similarly situated employees of the Defendant of damages in the amount of 60 days' pay and ERISA benefits by reason of Defendant's violation of the Plaintiff' rights under the Worker Adjustment and Retraining Notification Act, 29 U.S.C. § 2101 et seq. ("WARN Act") and the New York Worker Adjustment and Retraining Notification Act ("NY WARN Act") New York Labor Law ("NYLL") § 860 et seq.

(collectively, the "WARN Acts"). The Plaintiff was an employee of the Defendant and was terminated as part of, or as a result of mass layoffs and/or plant closings ordered by the Defendant. As such, the Defendant violated the WARN Acts by failing to give the Plaintiff and other similarly situated employees of the Defendant at least 60 days' advance written notice of termination, as required by the WARN Act and did not provide 90 days advance written notice as required by the NY WARN Act. As a consequence, the Plaintiff and other similarly situated employees of the Defendant are entitled under the WARN Acts to recover from the Defendant their wages and ERISA benefits for 60 days, none of which has been paid.

## PARTIES

*4.* Upon information and belief, at all relevant times, Defendant was a Delaware corporation which maintained facilities in Gurnee, IL; Decatur, IL; Vernon Hills, IL; Carnbury, NJ; Somerset, NJ and Amityville, NY (the "Amityville Facility" and collectively with the other facilities "the Facilities").

5. Upon information and belief, at all relevant times, Plaintiff Lisha Abraham ("Abraham") was an employee who was employed by Defendant and worked at or reported to the Amityville Facility until her termination without cause on or February 23, 2023.

6. On or about February 23, 2023, and thereafter, Defendant ordered the termination of Abraham's employment together with the termination of approximately 900 other employees who worked at or reported to the Facilities as part of a plant closing as defined by the WARN Acts, for which they were entitled to receive 60 days advance written notice under the WARN Act and 90 days advance written notice under the NY WARN Act .

7. At or about the time Abraham was terminated, Defendant ordered the termination of other similarly situated employees who worked at or reported to the Facilities (the "Other Similarly Situated Employees")

8. On or about February 23, 2023, Defendant filed with this Court a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code.

## **FEDERAL WARN CLASS ACTION ALLEGATIONS**

9. The Plaintiff and each person she seeks to represent herein, were discharged on or about February 23, 2023 and thereafter without cause on his or her part and are "affected employees" within the meaning of 29 U.S.C. § 2101(a)(5).

10. The Plaintiff brings this action on her own behalf and, pursuant to the WARN Act, and Rules 7023(a) and (b)(3) of the Federal Rules of Bankruptcy and Rules 23(a) and (b) of the Federal Rules of Civil Procedure, on behalf of all other similarly situated former employees of Defendant who were terminated on or about February 23, 2023 and thereafter, who worked at the Facilities until their terminations.

11. On or about February 23, 2023 and thereafter, Defendant terminated the Plaintiff's employment as part of plant closures which qualifies as an event for which she was entitled to receive to sixty (60) days' advance written notice under the WARN Act.

12. Defendant never gave Plaintiff the statutorily required sixty (60) days advance written notice of the plant closure in violation of the WARN Act.

13. At or about the time that the Plaintiff was discharged on or about February 23, 2023 and thereafter, Defendant discharged approximately 900 other employees at the Facilities (the "Other Similarly Situated Former Employees").

14. Pursuant to WARN Act 29 U.S.C. § 2104(a)(5), the Plaintiff maintains this claim on behalf of each of the Class and for his or her benefit.

15. Each of the Other Similarly Situated Former Employees is similarly situated to the Plaintiff in respect to his or her rights under the WARN Act.

16. The Plaintiff and the Other Similarly Situated Former Employees were discharged by Defendant, without cause on their part.

16. The Plaintiff and each of the Other Similarly Situated Former Employees is an "affected employee" within the meaning of WARN Act 29 U.S.C. § 2101(a)(5).

17. Defendant was required by the WARN Act to give the Plaintiff and Other Similarly Situated Former Employees at least sixty (60) days prior written notice of their respective terminations.

18. Prior to their termination, neither the Plaintiff nor Other Similarly Situated Former Employees received written notice that complied with the requirements of the WARN Act.

19. Defendant failed to pay the Plaintiff and the Other Similarly Situated Former Employees their respective wages, salary, commissions, bonuses, accrued holiday pay and accrued vacation for sixty (60) calendar days following their respective terminations and failed to make the 401(k) contributions and provide health insurance coverage and other employee benefits under ERISA in respect to them for sixty (60) calendar days from and after the dates of their respective terminations.

**FEDERAL WARN CLASS ACTION ALLEGATIONS RULE 7023 (a) and (b)**

20. The Plaintiff asserts her claims on behalf of herself and the Other Similarly Situated Former Employees pursuant to Rules 7023(a) and (b)(3) of the Federal Rules of Bankruptcy

and Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure.

21. The Plaintiff and the Other Similarly Situated Former Employees constitute a class within the meaning of Rules 7023(a) and (b)(3) of the Federal Rules of Bankruptcy and Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure (the "Class").

22. Common questions of law and fact are applicable to all members of the Class.

23. The common questions of law and fact arise from and concern the following facts and actions, among others, that Defendant committed or failed to commit as to all members of the Class: all Class Members enjoyed the protection of the WARN Act; all Class members were employees of Defendant who, prior to the terminations, worked at the Facility; Defendant terminated the employment of all the members of the Class without cause on their part without giving them at least sixty (60) days' prior written notice as required by the WARN Act; and Defendant failed to pay the Class Members wages and to provide other employee benefits for the sixty (60) day period following their respective terminations.

24. The questions of law and fact common to the members of the Class, as above noted, predominate over any questions affecting only individual members, and thus, this Class claim is superior to other available methods for the fair and efficient adjudication of this controversy.

25. The Plaintiff's claims are typical of the claims of other members of the Class in that for each of the several acts described above.

26. The Plaintiff will fairly and adequately protect and represent the interests of the Class.

27. The Plaintiff has the time and resources to prosecute this action and has retained counsel who have had extensive experience in matters involving employee rights, the

WARN Act, class action litigation and bankruptcy court litigation.

28. The Class is so numerous as to render joinder of all members impracticable as there are approximately 900 persons who are included in the Class.

29. The Class meets the requirements of Fed. R. Civ. P. 23(a) for class certification.

30. The Class meets the requirements of Fed. R. Civ. P. 23(b)(3) because the questions of law or fact common to the members of the Class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

31. No Class member has an interest in individually controlling the prosecution of a separate action under the WARN Act.

32. No litigation concerning the WARN Act rights of any Class member has been commenced in this Court.

33. Concentrating all the potential litigation concerning the WARN Act rights of the Class members in this Court will avoid a multiplicity of suits, will conserve judicial resources and the resources of the parties and is the most efficient means of resolving the WARN Act rights of all the Class members.

34. On information and belief, the identities of the Class members are contained in the books and records of Defendant.

35. On information and belief, a recent residence address of each of the Class members is contained in the books and records of Defendant.

36. On information and belief, the rate of pay and benefits that were being paid by

Defendant to each Class member at the time of his/her termination are contained in the books and records of Defendant.

37.    As a result of Defendant's violation of the WARN Act, the Plaintiff and the other members of the Class have been damaged in amounts equal to the sum of: (a) their respective lost wages, salaries, commissions, bonuses, accrued holiday pay, accrued vacation pay, 401(k) contributions for sixty (60) days; (b) the health and medical insurance and other fringe benefits that they would have received or had the benefit of receiving, for a period of sixty (60) days after the dates of their respective terminations; and (c) medical expenses incurred during such period by such persons that would have been covered and paid under the then applicable employee benefit plans had that coverage continued for that period.

## **NEW YORK WARN ACT CLASS ALLEGATIONS**

38.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

39.    Plaintiff brings this Claim for Relief for violation of NYLL § 860 et seq., on behalf of herself and a class of similarly situated persons, pursuant to NYLL § 860-G (7).

40.    Plaintiff brings this as a class action pursuant to Federal Rules of Civil Procedure, Rule 23(a) and (b), on behalf of himself and a putative class consisting of persons who worked at or reported to Defendant's Amityville Facility and were terminated without cause on or about February 23, 2023 and within 30 days of that date, or were terminated without cause as the reasonably foreseeable consequence of the mass layoffs and/or plant closings ordered by Defendant on or about February 23, 2023 and who are affected employees, within the meaning of NYLL § 860-A (1),(4) and(6) (the "NY WARN Class").

41. The persons in the NY WARN Class identified above ("NY WARN Class Members") are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, the facts on which the calculation of that number can be based are presently within the sole control of Defendant.

42. On information and belief, the identity of the class members, including each member's most recent residence address, is contained in the Defendant's books and records.

43. On information and belief, the rate of pay and benefits that were being paid by Defendant to each NY WARN Class Member at the time of his or her termination is contained in the Defendant's books and records.

44. Common questions of law and fact exist as to members of the NY WARN Class, including, but not limited to, the following:

> (a) whether the members of the NY WARN Class were employees of Defendant who worked at or reported to a covered site of employment;
>
> (b) whether Defendant unlawfully terminated the employment of the members of the NY WARN Class without cause on their part and without giving them 90 days advance written notice in violation of the NY WARN Act; and
>
> (c) whether Defendant unlawfully failed to pay the NY WARN Class members 60 days' wages and benefits as required by the WARN Act.

45. Plaintiff's claims are typical of those of the NY WARN Class. Plaintiff, like other NY WARN Class members, worked at or reported to the Amityville Facility and was terminated on or about February 23, 2023 as part of the plant closings ordered by Defendant.

46. Plaintiff will fairly and adequately protect the interests of the NY WARN Class. Plaintiff has retained counsel competent and experienced in complex class actions on

behalf of employees, including the federal WARN Act, the NY WARN Act, other state laws similar to WARN, and employment litigation.

47. Class certification of these claims is appropriate because questions of law and fact common to the NY WARN Class predominate over any questions affecting only individual members of the NY WARN Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of NY WARN class action litigation, where an individual plaintiff may lack the financial resources to vigorously prosecute a lawsuit in court against a corporate defendant, and damages suffered by individual NY WARN Class members are small compared to the expense and burden of individual prosecution of this litigation.

48. Concentrating all the potential litigation concerning the NY WARN Act rights of the members of the Class in this Court will obviate the need for unduly duplicative litigation that might result in inconsistent judgments, will conserve the judicial resources and the resources of the parties and is the most efficient means of resolving the NY WARN Act rights of all the members of the Class.

49. Prosecuting and defending multiple actions would be impracticable.

50. Managing a class action will not result in undue difficulties for the parties and the Court.

51. Plaintiff intends to send notice to all members of the NY WARN Class to the extent required by Fed. Rule Civ.P. 23.

## THE CLAIM FOR RELIEF

### First Cause of Action: Federal WARN Act

52. At all relevant times, the Defendant employed 100 or more employees (exclusive of part-time employees, i.e., those employees who had worked fewer than 6 of the 12 months prior to the date notice was required to be given or who had worked fewer than an average of 20 hours per week during the 60 day period prior to the date notice was required to be given (the "Part-Time Employees")), or employed 100 or more employees who in the aggregate worked at least 4,000 hours per week exclusive of hours of overtime within the United States.

53. At all relevant times, Defendant was an "employer," as that term is defined in the WARN Act and continued to operate as a business until it determined to order plant closures at the Facilities.

54. On or about February 23, 2023 and thereafter the Defendant ordered "plant closures" at the Facilities, as those terms are defined by the WARN Act.

55. The plant closures at the Facilities resulted in "employment losses," as that term is defined by the WARN Act for at least fifty (50) of Defendant's employees as well as 33% of Defendant's workforce at each Facility, excluding "part-time employees," as that term is defined by the WARN Act.

56. The Plaintiff and each of the other members of the Class were discharged by the Defendant without cause on his or her part as part of or as the reasonably foreseeable result of the mass layoff and/or plant closure ordered by the Defendant at the Facilities

57. The Plaintiff and each of the other members of the Class are "affected employees" of the Defendant within the meaning of the WARN Act.

58. The Defendant was required by the WARN Act to give the Plaintiff and each of the other members of the Class at least 60 days advance written notice of his or her termination.

59. The Defendant failed to give the Plaintiff and other members of the Class written notice that complied with the requirements of the WARN Act.

60. The Plaintiff and each of the other members of the Class are "aggrieved employees" of the Defendant as that term is defined in the WARN Act.

61. The Defendant failed to pay the Plaintiff and each of the other members of the Class their respective wages, salary, commissions, bonuses, accrued holiday pay and accrued vacation for 60 days following their respective terminations and failed to make the pension and 401(k) contributions and provide employee benefits under ERISA, other than health insurance, for 60 days from and after the dates of their respective terminations.

**Second Cause of Action: Violation of the New York WARN Act**

62. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

63. At all relevant times, Defendant was an individual or public business entity defined as an "employer" under the NY WARN Act and continued to operate as a business until it decided to order plant closings at the Amityville Facility as defined by NYLL § 860-A(3),(4).

64. On or about February 23, 2023, Defendant ordered plant closings at its Amityville Facility as defined by NYLL § 860-A(3),(4).

65. Plaintiff and the NY WARN Class Members each suffered a termination of employment as defined by NYLL § 860-A(2)(C), having been terminated by Defendant without cause on their part.

66. Defendant was required by the NY WARN Act to give Plaintiff and the NY WARN Class Members at least 90 days' advance written notice of their terminations pursuant to § 860-B.

67. Defendant failed to give Plaintiff and the NY WARN Class Members written notice that complied with the requirements of the NY WARN Act.

68. Defendant failed to pay Plaintiff and each of the NY WARN Class Members their respective wages, salary, commissions, bonuses, accrued holiday pay and accrued vacation for 60 days following their respective terminations and failed to make the pension and 401(k) contributions and provide employee benefits under ERISA, other than health insurance, for 60 days from and after the dates of their respective terminations.

69. The relief sought in this proceeding is equitable in nature.

**WHEREFORE**, Plaintiff on her own behalf and on behalf of the other Class members demand judgment, jointly and severally, against Defendant as follows:

A. An allowed claim against the Defendant in favor of the Plaintiff and Class members equal to the sum of: (a) unpaid wages, salary, commissions, bonuses, accrued holiday pay, accrued vacation pay, pension and 401(k) contributions and other ERISA benefits, for 60 days, that would have been covered and paid under the then applicable employee benefit plans had that coverage continued for that period, all determined in accordance with the WARN Acts, 29 U.S.C. § 2104(a)(1)(4) and NYLL § 860-G(7). The first $15,150.00 of each Class member's allowed WARN

Acts claim against the Defendant is entitled to wage priority claim status under 11 U.S.C. § 507(a)(4) and (5), and any remainder as a general unsecured claim;

      B.    Certification that the Plaintiff and the other Class members constitute a single class;

      C.    Appointment of the undersigned attorneys as Class Counsel;

      D.    Appointment of Plaintiff as the Class Representative;

      E.    An allowed claim against the Defendant under 11 U.S.C. § 503 for the reasonable attorneys' fees and the costs and disbursements that the Plaintiff incurs in prosecuting this action, as authorized by the WARN Act, 29 U.S.C. § 2104(a)(6); and

      F.    Such other and further relief as this Court may deem just and proper.

      Respectfully submitted,

February 23, 2023

*Attorneys for Plaintiff*

BY: /s/ JAMES E. HUGGETT
MARGOLIS EDELSTEIN
JAMES E. HUGGETT (#3956)
300 DELAWARE AVENUE
SUITE 800
WILMINGTON, DE 19801
PHONE 302-888-1112
FAX 302-888-1119

LANKENAU & MILLER, LLP
Stuart J. Miller (SJM 4276)
Johnathan Miller
100 Church Street
8th Floor

New York, NY 10007
O: (212) 581-5005
C: (917) 613-9983

THE GARDNER FIRM, PC
Mary E. Olsen (OLSEM4818)
M. Vance McCrary (MCCRM4402)
182 St. Francis Street
Suite 103
Mobile, Alabama 36602
(251) 433-8100 (main)
(251) 415-4978 (direct)
(251) 433-8181 (fax)
*Attorneys for Plaintiff*